UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PERMANENT GENERAL
ASSURANCE CORPORATION,

Plaintiff,

vs.

ALEXANDER MONELL;
CHAMPIONNLIFESTYLE
INC.; and HOUSE OF WOLVES
MOTORS, LLC,

Defendants.

Case No.
6:24-cv-1627-CEM-RMN

# ORDER

This matter is before the Court without oral argument on Plaintiff Permanent General Assurance Corporation's Motion for Default Judgment. *See* Dkt. 52. The Motion is referred to a Magistrate Judge. Upon consideration, the Motion is denied without prejudice.

## I. BACKGROUND

### A. The Original Complaint

Plaintiff, an automobile insurance company, filed this action in September 2024 against one of its insured motorists, Alexander Monell, and House of Wolves Motors, LLC. Dkt. 1. In the original Complaint, Plaintiff alleges that it issued a liability policy to Monell in October

2023. *Id.* ¶ 7. When applying for the policy, Monell made several representations, some of which Plaintiff later determined to be false. *Id.* ¶¶ 8–12, 20–23.

After obtaining the policy, Monell rented a Lamborghini from House of Wolves Motors, LLC. Dkt. 1 ¶ 14. That same day, Monell and the car were involved in a robbery, during which the car was hit by gunfire ten times. *Id.* ¶¶ 15–16. The damage was extensive, and the car was written off as a total loss. *Id.* ¶¶ 16–17. Monell submitted a claim to Plaintiff, as did the House of Wolves Motors. *Id.* ¶¶ 18–19.

Based on these allegations, Plaintiff brought a claim seeking a declaratory judgment against Monell and House of Wolves Motors and a second claim for rescission of the insurance policy. Dkt. 1 ¶¶ 25–30 (declaratory judgment), 32–39 (rescission). Monell did not appear or defend against these claims. House of Wolves Motors did. Dkts. 11 (notice of appearance), 16 (Answer and counterclaim).

B.  **The Amended Complaint**

Later, Plaintiff moved for leave to file an amended complaint, which was granted. Dkts. 25 (second amended motion), 31 (Amended Complaint). In the Amended Complaint, Plaintiff added new claims against Monell and a second company, ChampionnLifestyle Inc. Dkt. 25 ¶¶ 21–22, 34. Those claims are based on the allegation that, about a month after the incident involving the Lamborghini, Monell rented a Corvette from ChampionnLifestyle Inc. *Id.* ¶ 21. When he

returned the Corvette, it was damaged, which Monell claimed was the caused by a vandal. *Id.* ¶ 22. ChampionnLifestyle Inc. filed a claim with Plaintiff through Monell for this damage. *Id.*

In the Amended Complaint, Plaintiff added claims for declaratory judgment based on these allegations, now asking the Court to enter a judgment declaring no coverage under its policy for the claims associated with both cars. Dkt. 25 ¶¶ 29–35. The rescission claim was not changed marterially. *Compare id.* ¶¶ 36–44 (rescission claim in Amended Complaint) *with* Dkt. 1 ¶¶ 32–39 (same claim in original Complaint). ChampionnLifestyle Inc. did not appear or defend after Plaintiff served the Amended Complaint.

### C.   The Motion

Having resolved its dispute with House of Wolves Motors, Plaintiff now moves for entry of a default judgment against Monell and ChampionnLifestyle Inc.

## II.   LEGAL STANDARDS

Under Federal Rule of Civil Procedure 55(b)(2), this Court can enter a default judgment against a party who has failed to respond to a complaint. When a party fails to file a response to a complaint, that failure constitutes an admission by the defendants of all well-pleaded allegations in the complaint. *See Cotton v. Massachusetts Mut. Life Ins.*

*Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005) (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).[1]

A "defendant's default does not in itself warrant the court in entering a default judgement," however, because a defaulting "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of the law" and "there must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co.*, 515 F.2d at 1206.

### III.  DISCUSSION

In its Motion, Plaintiff asks the Court to enter a declaratory judgment as set forth in its Amended Complaint, which includes no coverage determinations as to the claims for both cars.[2] The Court's consideration of the Motion begins and ends with an examination of the sufficiency of service.

Plaintiff served Monell with a copy of the original Complaint on October 4, 2024. Dkts. 29, 30. It filed its Amended Complaint the following December, Dkt. 31, and served that pleading on ChampionnLifestyle Inc. shortly thereafter, Dkt. 35. There is no

---

[1] In *Bonner v. Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before the close of business on September 30, 1981.

[2] Plaintiff appears to abandon the rescission claim in Count II.

indication in the record that Plaintiff ever served the Amended Complaint on Monell. That is a problem.

Federal Rule of Civil procedure 5(a)(1)(B) states that a pleading filed after the original complaint must be served on every party unless ordered otherwise by the court. *See* Fed. R. Civ. P. 5(a)(1)(B). Rule 5(a)(2) carves out an exception to this general rule, stating that "[n]o service is required on a party who is in default for failing to appear." But this carve-out has a carve-out of its own. If a subsequent pleading "asserts a new claim for relief" against a party in default, then the pleading must be served on that party pursuant to Rule 4. Fed. R. Civ. P. 5(a)(2).

There can be no dispute that the Amended Complaint added a claim against Monell that was not asserted in the original Complaint. And Plaintiff has offered no evidence that it served the Amended Complaint on Monell. Because the declaratory judgment claim in the Amended Complaint is materially different from the one asserted in the original Complaint, Plaintiff must serve the amended pleading on Monell before a default judgment may be entered against him on the declaratory judgment claim asserted in that pleading.[3]

---

[3] It is well-established that service under Rule 5(a)(2) is required if an amended pleading asserts new claims or materially alters the claims alleged or relief sought. *See, e.g.*, *CliC Goggles, Inc. v. Morrison*, No. 6:15-cv-621, 2016 WL 7665442, at *2 (M.D. Fla. June 2, 2016);

The Court therefore denies the Motion without prejudice. Plaintiff is authorized to effect service on the Amended Complaint on Monell, if it has not already done so. Plaintiff shall file a return of service and, if Monell does not appear to defend these claims, move for entry of a Clerk's Default under Local Rule 1.10(b).

## IV. CONCLUSION

Accordingly, it is **ORDERED** that:

1. Plaintiff's Motion for Default Judgment (Dkt. 52) is **DENIED without prejudice**; and

2. Plaintiff shall file proof it served the Amended Complaint on Monell, in accordance with Rule 4, no later than December 20, 2025.

**DONE** and **ORDERED** in Orlando, Florida, on November 21, 2025.

*[signature]*
ROBERT M. NORWAY
*United States Magistrate Judge*

---

*Amarelis v. Notter Sch. of Culinary Arts, LLC*, No. 6:13-cv-54, 2014 WL 5454387, at *3 (M.D. Fla. Oct. 27, 2014); *Poitevint v. Dynamic Recovery Servs., Inc.*, No. 3:10-cv-700, 2011 WL 201493, at *1 (M.D. Fla. Jan. 20, 2011) (holding that if changes made in an amended complaint are not substantial, the requirement of Rule 5(a)(2) does not apply).

- 7 -

Copies to:

Counsel of Record

- 7 -

Copies to:

Counsel of Record