UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PERMANENT GENERAL ASSURANCE CORPORATION,

Plaintiff,

vs.

ALEXANDER MONELL; and CHAMPIONNLIFESTYLE, INC,

Defendants.

Case No. 6:24-cv-1627-CEM-RMN

# REPORT AND RECOMMENDATION

This matter is before the Court without oral argument on Plaintiff Permanent General Assurance Corporation's Fourth Motion for Default Judgment. Dkt. 62. Upon consideration, it is respectfully recommended that Plaintiff's Motion be granted.

## I. BACKGROUND

### A. The Original Complaint

On September 5, 2024, Plaintiff, an automobile insurance company, initiated this action against Defendants Alexander Monell and House of Wolves Motors, LLC. Dkt. 1. In the original Complaint, Plaintiff alleges it issued an automobile liability insurance policy (the "Policy") for a 2016 Jeep Wrangler in October 2023 to Defendant Monell. Dkt. 1 at ¶¶ 7, 9. In his

application for coverage, Monell made several representations, some of which Plaintiff later determined to be false. *Id.* at ¶¶ 8–12, 20–23. The Policy provides comprehensive and collision coverage only for the insured vehicle and does not provide that coverage for rented vehicles not being used as a temporary substitute for the insured vehicle. *See* Dkt. 31 at 263–64.[1]

On or about October 30, 2023, after he acquired the Policy, Monell rented a 2018 Lamborghini from House of Wolves Motors. Dkt. 31 at ¶ 14. That same day, Monell and the vehicle were involved in an attempted robbery, leaving the vehicle with ten bullet holes. *Id.* at ¶ 16. Valued at over $200,000, the vehicle was deemed a total loss. *Id.* at ¶¶ 16–17. Monell and House of Wolves Motors submitted a claim to Plaintiff for this loss. *Id.* at ¶¶ 18–19.

Plaintiff sought declaratory judgment and rescission of the insurance policy based on these allegations. Dkt. 1 at 4–7. Monell did not appear or defend against these claims. House of Wolves Motors did. Dkts. 11, 16. Plaintiff has resolved its dispute with House of Wolves Motors, and House of Wolves Motors is no longer a party to the action. *See* Dkt. 54.

**B. The Amended Complaint**

With the Court's leave, Plaintiff filed an amended complaint. Dkt. 31. In the Amended Complaint, Plaintiff added new claims against Monell and a second company, ChampionnLifestyle, Inc. ("ChampionnLifestyle").

[1] Pinpoint citations in this Report refer to the PageID number found in the CM/ECF header at the top of each page.

Dkt. 31. Those claims arise from Plaintiff's allegation that, on November 1, 2023, Monell rented a 2019 Chevrolet Corvette, owned by ChampionnLifestyle. *Id.* at ¶ 21. Monell then returned the damaged Corvette on November 23, 2023, alleging that the vehicle had been vandalized. *Id.* at ¶ 22. ChampionnLifestyle, through Monell, filed a claim with Plaintiff for this damage. *Id.*

In the Amended Complaint, Plaintiff requests the Court enter a judgment declaring no coverage under its policy for the claims associated with both vehicles. Dkt. 25 ¶¶ 29–35. The rescission claim was not materially altered. *Compare id.* ¶¶ 36–44 (rescission claim in Amended Complaint) *with* Dkt. 1 ¶¶ 32–39 (same claim in original Complaint).[2] Defendants Monell and ChampionnLifestyle did not appear or defend against these claims after Plaintiff served the Amended Complaint. As a result, the Clerk of Court entered default against both Defendants. *See* Dkts. 41, 61. Under Federal Rule of Civil Procedure 55(b)(2), Plaintiff now moves for entry of final default judgment. Dkt. 62. The matter is ripe for review.

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure establish a two-step process for obtaining default judgment. First, when a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided

[2] Because Plaintiff does not mention its rescission claim in its Motion (Dkt. 62), it is deemed abandoned.

by the Federal Rules, the Clerk may enter default. Fed. R. Civ. P. 55(a). Second, after obtaining a clerk's default, a plaintiff must move for default judgment. Fed. R. Civ. P. 55(b). Before entering default judgment, the Court must ensure that it has jurisdiction over the claims and parties, and that the well-pled factual allegations, which are assumed to be true, adequately state a claim for which relief may be granted. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). If default judgment is warranted, then the court must next consider whether the Plaintiff is entitled to the relief requested. "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." *See* Fed. R. Civ. P. 54(c).

## III. ANALYSIS

### A. Jurisdiction

This Court has subject matter jurisdiction over this action pursuant to this Court's diversity jurisdiction. *See* U.S.C. § 1332(a)(1). Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1); *Owen Equip. and Recreation Co. v. Kroger*, 437 U.S. 365, 373 (1978).

The Amended Complaint alleges that Plaintiff is a citizen of Tennessee, and Defendants are citizens and residents of Florida. *See* Dkt. 31 at ¶¶ 2, 4, 6. Further, the amount in controversy exceeds $75,000. Dkt. 31 at ¶¶ 18–19; *see Cohen v. Off. Depot, Inc.*, 204 F.3d 1069, 1077 (11th Cir. 2000) (stating where "a plaintiff seeks injunctive or declaratory relief, the

amount in controversy is the monetary value of the object of the litigation from the plaintiff's perspective."). Thus, the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

**B. The Entry of Default**

Plaintiff properly served Monell by personally serving the Amended Complaint on December 3, 2025. *See* Dkt. 58; Fed. R. Civ. P. 4(e); Fla. Stat. § 48.031(1)(a). Monell did not appear, and no responsive pleading was ever filed. The Clerk of Court entered Clerk's Default on January 16, 2026. Dkt. 61.

Plaintiff properly served ChampionnLifestyle by serving the Amended Complaint on its' registered agent at its address on December 10, 2024. *See* Dkt. 35; Fed. R. Civ. P. 4(h); Fla. Stat. § 48.081. The Clerk of Court entered Clerk's Default on January 17, 2025. Dkt. 41.

**C. Liability**

Plaintiff moves for entry of default judgment seeking a declaration that Mondell "made Material Misrepresentations on his application"; that "[t]here is no coverage under the Policy's comprehensive and collision provision for the claims" involving the Lamborghini and the Corvette; that it "does not owe Monell or ChampionnLifestyle [] any money for the damage to the Lamborghini or Corvette"; and that, "[i]f a claim is made against Monell for the damage to either of the vehicles, [Plaintiff] does not owe Monell a defense or indemnification for such claim." *See* Dkt. 62 at 335.

The Declaratory Judgment Act provides that "in cases of actual controversy" a court may "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought" 28 U.S.C. § 2201. A party seeking a declaratory judgment must demonstrate "(1) that they personally have suffered some actual or threatened injury as a result of the alleged conduct of the defendant; (2) that the injury fairly can be traced to the challenged action; and (3) that it is likely to be redressed by a favorable decision." *Am. Ins. Co. v. Evercare Co.*, 430 Fed.Appx. 795, 798 (11th Cir. 2011) (quoting *U.S. Fire Ins. v. Caulkins Indiantown Citrus*, 931 F.2d 744, 747 (11th Cir. 1991)).

Here, the allegations in the Amended Complaint provide a sufficient basis for Plaintiff's entitlement to a declaratory judgment. ChampionnLifestyle, through Monell, sought coverage under the Policy's comprehensive and collision coverage provision for the claim arising from the damaged Corvette. *See* Dkt. 31 ¶ 22; Dkt. 31 at 219–20. Plaintiff was thus threatened with a loss of funds. A declaratory judgment establishing that the Policy does not afford comprehensive and collision coverage protection and does not require Plaintiff to indemnify Monell or ChampionnLifestyle would eliminate the threat of loss of funds.

By way of default, Monell and ChampionnLifestlyle admit the allegations in the Amended Complaint. *See Nishimatsu*, 515 F.2d at 1206 ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact . . . ."). The Amended Complaint alleges, by way of

reference to the Policy, "[p]roperty damage to property rented to [Monell] is excluded" from coverage. Dkt. 31-1 at 264. I therefore find, by way of default, that the Policy does not provide comprehensive and collision coverage and does not require Plaintiff to indemnify either defendant for damage to the rented Lamborghini or Corvette.

For this reason alone, the losses associated with the subject damage to the Lamborghini and Corvette do not fall within the bounds of the Policy, and the Court should find that Plaintiff does not owe Defendants payment or indemnification with respect to these vehicles.

## IV. RECOMMENDATIONS

Accordingly, I respectfully **RECOMMEND** the Court:

1. **GRANT** Plaintiff's Fourth Motion for Default Judgment (Dkt. 62);

2. **DISMISS** with prejudice Count II of the Amended Complaint;

3. **DIRECT** the Clerk to enter final default judgment for Plaintiff against Defendants on Count I of the Amended Complaint;

4. **ENTER** a default judgment **declaring** that Plaintiff's Policy does not afford coverage to Defendants for claims arising from damage to the rented Lamborghini or Corvette; Plaintiff does not owe Monell or ChampionnLifestyle, Inc. any money for the damage to the rented vehicles; amd if a claim is made against Monell for the damage to either of the vehicles,

Plaintiff does not owe Monell a defense or indemnification for such claim; and

5. **DIRECT** the Clerk to terminate all pending deadlines and close the case.

<u>**Notice to Parties**</u>

"Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters review by the district judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**ENTERED** in Orlando, Florida, on July 29, 2026.

ROBERT M. NORWAY
*United States Magistrate Judge*

Copies to:

Hon. Carlos E. Mendoza

Counsel of Record